UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL A. CATALANO,

    Plaintiff,

v.

NEWARK POLICE DEPARTMENT, et al.

    Defendants.

Civ. No. 15-4189 (KM) (JBC)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The plaintiff, Daniel A. Catalano, is a pretrial detainee[1] proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Catalano's application to proceed *in forma pauperis* was previously granted. The Court must therefore review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed in part, without prejudice.

### II.    BACKGROUND

The allegations of the complaint shall be construed as true for purposes of this screening Opinion. The complaint names three defendants: (1) the Newark Police Department; (2) Unknown Officer #1; and (2) Unknown Officer #2. The entire factual allegations of the complaint are as follows:

> Daniel Catalano and Nicholas Frunzi were leaving a friend's house in Newark, NJ when pulling off the street the car both subjects were driving in was stopped for no reason. The officers accused

---

[1]     His detention is apparently unrelated to the arrest that is the subject of this action.

> both of buying drugs which they denied and forced both out of the vehicle and began searching without consent from either both the car and their persons. When the officers failed to recover any drugs or paraphernalia from the vehicle or the subjects, they placed both subjects under arrest for wandering. After they arrested both subjects they drove them around the corner and began arresting several other people for trespassing in a building they did not live. They then transported four to five people that were arrested to the police station in the same vehicle. Mr. Catalano and Mr. Frunzi did nothing illegal, and the charges against them were dismissed because they did not satisfy the elements of the offense.

(Dkt. No. 1 at p. 5-6.) Mr. Catalano asserts that the defendants are liable to him for conducting an illegal search, falsely arresting him and falsely imprisoning him. He requests monetary damages as relief.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

2

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### IV.   DISCUSSION

A. Newark Police Department

The Newark Police Department is not a "person" subject to liability under § 1983. A New Jersey police department is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J. STAT. ANN. § 40A:14–118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted). *See also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n.1 (D.N.J. 1996).

Even liberally as naming the City of Newark rather than the police department as defendant, the complaint fails to state a claim. A municipality cannot be held vicariously liable

4

for the acts of its officers via *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). And the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny County*, 757 F.3d 99, 110–11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); *Karmo v. Borough of Darby*, No. 14–2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept.25, 2014) (same). Accordingly, Mr. Catalano fails to state a claim against the Newark Police Department upon which relief may be granted, and the claims against the Police Department are dismissed with prejudice. Considered as claims against the City of Newark, however, Mr. Catalano's claims will be dismissed without prejudice.

B.  Unnamed Officers

Mr. Catalano's complaint also alleges that two unnamed officers illegally searched the vehicle in which he was traveling.

> Although the Fourth Amendment generally requires police to secure a warrant before conducting a search, the longstanding "automobile exception" to the warrant requirement allows police to search a vehicle so long as there is "probable cause to believe [the] vehicle contains evidence of criminal activity." *Arizona v. Gant*, 556 U.S. 332, 347 (2009). Thus, when there is probable cause to search a vehicle, the search "is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." *United States v. Ross*, 456 U.S. 798, 809 (1982). This type of automobile search may extend to "any area of the vehicle in which the evidence might be found." *Gant*, 556 U.S. at 347.

*United States v. Cobb*, 483 F. App'x 719, 723 (3d Cir. 2012). The complaint, liberally construed as a *pro se* pleadihg, adequately states an unlawful search claim against the unnamed officers.

5

The allegation that the officers stopped and searched Mr. Catalano and his car for no reason at all will require development. For present purposes, however, it is sufficient to support a claim.

Mr. Catalano also asserts a claim of unlawful arrest against the two unnamed officers. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre,* 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir.1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't,* 502 Fed. App'x 225, 228 (3d Cir. 2012). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.,* 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee,* 502 Fed. App'x at 228.

Mr. Catalano alleges that his vehicle was stopped for no reason, that no drugs or paraphernalia were found by the officers, and that he was doing nothing illegal. Again, he has not stated in so many words that the officers lacked a reasonable probable cause basis for the arrest, but the claim is implicit in the facts that are alleged. Construing the complaint liberally, I will allow it to proceed.

Closely related is the claim of false imprisonment, also asserted against the two unknown officers. "[W]here an individual was arrested without probable cause, he 'has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" *Simpson v. Owner of*

6

*Dollar Tree Store,* No. 09–6162, 2010 WL 3364200, at *6 (E.D. Pa. Aug. 23, 2010) (quoting *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988))). For the reasons stated above regarding the false arrest claim, the false imprisonment claim, too, will be allowed to proceed.

Typically, theis Court would order the Clerk to issue summonses so that the individual defendants may be served. Because Mr. Catalano does not state the officers' names, no summons will be issued at this time. *See, e.g., Haines v. Does,* No. 07-5395, 2008 WL 1766622, at *9 (D.N.J. Apr. 14, 2008) ("[The service] on Defendant[s] John Doe[s will not be ordered] because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on ... unidentified defendant[s].") (citation omitted).

Mr. Catalano shall be given ninety days in which to file an amended complaint that names the officers as defendants so that they can be served. Presumably that information is available to him; he alleges, for example, that there were "charges" against him that were "dismissed." Any charging document should contain the name of the complaining officer. In any amended complaint, he may also attempt to amend his allegations so that they state a legally sufficient claim against the City of Newark.

## V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice Newark Police Department, but without prejudice to the filing of an amended complaint stating a valid claim against the City of Newark. Within ninety days, Mr. Catalano shall file an amended complaint that names the two unnamed officers as defendants. An appropriate Order will be entered.

DATED: August 11, 2015

*Kevin McNulty*

KEVIN MCNULTY
United States District Judge