UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL A. CATALANO, | : |
| Plaintiff, | : Civ. No. 15-4189 (KM) (JBC) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| CITY OF NEWARK, et al., | : |
| Defendants. | : |

The plaintiff, David A. Catalano, is proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On August 11, 2015, this Court dismissed the complaint with prejudice as to the Newark Police Department (which is merely a department of the City), but without prejudice as to the City of Newark. Additionally, this Court gave Mr. Catalano ninety days in which to file an amended complaint that named the two unnamed officers in the complaint.

On October 29, 2014, this Court received Mr. Catalano's amended complaint. The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

The allegations of the amended complaint shall be construed as true for purposes of this Memorandum Order. Mr. Catalano alleges that unnamed officers stopped his car on August 20, 2013 without reasonable suspicion or probable cause. More specifically, Mr. Catalano alleges as follows:

> Upon stopping the vehicle the officers opened both the driver and passenger side doors and ordered both subjects out of the vehicle.

> The officers did not try to ask either man any questions to see if their responses would have satisfied any suspicion they might have had . . . . In this case the officers had no probable cause. The officers claim both men said they were there to buy heroin, which both subjects deny saying, but even assuming arguendo that this was true the officers did not allege the subjects said this until after they were removed from the car, and searched which constituted a de facto arrest.

(Dkt. No. 8 at p. 7) For the reasons discussed in this Court's prior Opinion, Mr. Catalano's allegations against these two unnamed officers are sufficient to state a claim. However, this Court will not issue summonses as to unknown persons. *See, e.g., Haines v. Doe*, No. 07-5395, 2008 WL 1766622, at *9 (D.N.J. Apr. 14, 2008) ("[T]he service] on Defendant[s] John Doe[s will not be ordered] because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendant[s].") (citation omitted). If and when discovery reveals the identities of the unknown officers, Mr. Catalano may seek to amend his complaint to name them as defendants. At that point, summonses may issue and service can be accomplished.

    I dismissed the original complaint as against the City of Newark because it contained no allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). The amended complaint, however, remedies that deficiency. The amended complaint alleges that "[t]he City of Newark's Department policies promotes the continued use of illegal stops, illegal searches and other unlawful activity." To be sure, that allegation is not very detailed. But we are at a very early stage, and the officers who allegedly were involved have not even been identified. Under the circumstances, I will allow the claims against the City of Newark in the amended complaint to proceed past screening so that this case may go forward.

Accordingly, IT IS this 16th day of November, 2015,

ORDERED that the Amended Complaint shall be permitted to proceed against the City of Newark and the two unnamed officers in the Amended Complaint; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and a copy of the Amended Complaint and this Memorandum Order as well as the Court's August 11, 2015 Opinion and Order upon defendant the City of Newark, with all costs of service advanced by the United States; and is further

ORDERED that defendant the City of Newark shall file a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that the Clerk shall file this Order on the plaintiff by regular U.S. mail.

_____
KEVIN MCNULTY
United States District Judge